FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 SEP 10 PM 5:31

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| NATHANIEL JONES ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. CV407-58 |
| ) | |
| CSX TRANSPORTATION, INC., ) | |
| d/b/a CSX RAILROAD, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is Plaintiff Nathaniel Jones's "Motion to Dismiss Without Prejudice." (Doc. 5.) Therein, Plaintiff moves for dismissal of his claims against Defendant CSX Transportation, Inc. Plaintiff's Motion is **GRANTED**. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE**.

### BACKGROUND

This action arises from a July 8, 2006 collision between Plaintiff's automobile and a train operated by Defendant. On April 19, 2007, Plaintiff filed a Complaint against Defendant in the State Court of Chatham County, Georgia. On May 16, 2007, Defendant removed the case to this Court on the basis of diversity of citizenship and filed an Answer.

On June 6, 2007, Plaintiff filed a Motion to Dismiss Without Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). On June 28, 2007, a passenger in Plaintiff's automobile at the time of the July 8, 2006 crossing accident commenced an action in the South Carolina Court of Common Pleas in Jasper County, naming Plaintiff and Defendant as co-defendants. Plaintiff states that his purpose in seeking dismissal is to enable him to respond to the complaint against him and to cross-claim against Defendant in a single proceeding in South Carolina.

In its response in opposition, Defendant has requested that the Court dismiss the action without prejudice only upon the explicit condition that Plaintiff file any future claims regarding this incident in this Court. Defendant argues that an unconditional order of dismissal without prejudice would result in unfair legal prejudice.

## DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) governs voluntary dismissals occurring after a defendant's service of either an answer or a motion for summary judgment. Rule 41(a)(2) provides as follows: "[A]n action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper . . . . Unless otherwise specified in the

order, a dismissal under this paragraph is without prejudice." Fed. R. Civ. P. 41(a)(2).

Dismissal on motion of the plaintiff is within the discretion of the district court, and its order is reviewed only for abuse of discretion. McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986). "[I]n most cases a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." Id. at 856-57 (emphasis in original); Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001). In other words, the prospect of a second lawsuit arising from the same facts, standing alone, does not generally support denial of a plaintiff's motion to voluntarily dismiss. See Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 369 (5th Cir. 1967) (finding abuse of discretion in district court's dismissal with prejudice where the only potential prejudice was "the annoyance of a second litigation upon the same subject matter").[1]

Dismissals without prejudice under Rule 41(a)(2) are not improper in cases where, as here, the court's order

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

would permit a plaintiff to refile in state court after the case had already been removed to federal court. See, e.g., Am. Nat'l Bank & Trust Co. of Sapulpa v. BIC Corp., 931 F.2d 1411, 1412 (10th Cir. 1991)(finding no abuse of discretion in grant of motion to dismiss despite plaintiff's continued ability to refile in state court after case had been previously removed to federal court); Grivas v. Parmalee Transp. Co., 207 F.2d 334, 337 (7th Cir. 1953)(rejecting the argument that a case's prior removal from state court meant that the plaintiff thereafter had no right to dismissal without prejudice under Rule 41(a)(2)).

In the instant case, the litigation is at a relatively early stage of the proceedings. The parties have conducted no discovery and neither party has filed a motion for summary judgment. Defendant's assertions that it has incurred a "normal and usual" expense in removing the case to this Court are insufficient to demonstrate clear legal prejudice. In addition, while Plaintiff's admitted intention to enter a cross-claim against Defendant in a state court proceeding may represent an inconvenience to Defendant, the Court is not persuaded that it would cause Defendant to suffer legal prejudice requiring a conditional dismissal.

Having considered the arguments of the parties, the Court finds that Defendant will suffer no legal prejudice if this case is dismissed. Therefore, Plaintiff's Motion to Dismiss is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

SO ORDERED, this 10th day of September, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA